## CONTINENTAL AUTOMOBILE MUTUAL INS CO v JACKSICK

Ohio Appeals, 5th Dist, Stark Co

No 1395. Decided October, 1933

Burt, Kinnison, Carson & Shadrach for plaintiff in error.

William B. Quinn for defendant in error.

## OPINION

By LEMERT, J.

The principal question presented to this court is, when the court sustained the motion to direct a verdict, did that terminate or end the case so far as any right existed in the plaintiff to dismiss without prejudice? We believe the law on this proposition has been settled by the Supreme Court of Ohio in the 118 Oh St, 106, being the case of **Laub Baking Company v Middleton**. We are of the opinion, however, that the instant case is stronger than the case just cited, as in the Laub case the court had only indicated what his opinion might be, while in the case at bar the court actually made a formal finding that the motion must be or would be sustained, and this action on the part of the court was announced from the bench in the presence of the jury, as shown by the record. We believe the case was thereupon terminated and that the defendant was entitled to final judgment, with the possible exception that the court indicated he would open the case in the event additional testimony was offered, which was not done.

The Supreme Court, in the case above cited, held:

"Where, after the parties have introduced their evidence and rested, a defendant moves the court for a directed verdict in his favor, the submission of such motion is a submission to the court within the purview of §11586, GC. After such submission and subsequent announcement of its conclusion favorable to the defendant, the plaintiff cannot have his cause dismissed without prejudice over the objection of the defendant."

Sec 11586, GC, provides:

"An action may be dismissed without prejudice to a future action: 1. By the plaintiff, before its final submission to the jury, or to the court, when the trial is by the court."

In various states having statutes or provisions similar to our own, authorizing a dismissal of a case by the plaintiff, there has been a great diversity of authority, supporting or denying the right of dismissal.

We note that in discussing the provisions of §11586, GC, in the 86th NE, 654, that in that case:

"The case had already been submitted to the court on the motions for verdicts, and on them the trial was to the court who had heard and determined them, and the time had gone by for the plaintiff to exercise the right of dismissal. The cause had been submitted to the court and its judgment invoked. If the court had the power to exercise discretion on the subject, we cannot find that the discretion was abused in refusing to enter the dismissal at so late a stage in the proceedings. To recognize in our practice the claim that is made by plaintiff in error, would give a plaintiff the right, when he fails to make a case, and it is so decided, to thwart the contest on his own evidence, dismiss without prejudice, and again bring the defendant into some court to answer a similar demand, with all the attendant costs; and if it can be done once, it may be done a second or third time, thus prolonging the expensive and annoying litigation. This system of practice should not be encouraged and we therefore think it our duty to affirm the judgment of the Circuit Court."

We note that the Federal Circuit Court of Appeals, construing a Nebraska Statute, similar to our own §11586, GC, announced the following rule of procedure in the syllabus:

"A plaintiff may not dismiss without prejudice after a motion for a directed verdict has been made and submitted, or after such a motion has been argued and the court has expressed its opinion upon it."

"In the instant case there was no reason assigned for dismissal, no disclosure made by counsel that he was misled or taken by surprise, nor even a suggestion made whereby he might advantage his case were the trial to proceed. Under those circumstances, there would have been an abuse of discretion on the part of the court in giving the plaintiff opportunity to harass the defendants by bringing other and subsequent suits. We would not, in a proper case, deny the right of a party, in the interest of justice, to supplement his testimony before final submission to the jury, but, in such case, the allowance or disallowance of a request therefore is committed to the court's

discretion, which cannot be disturbed unless that discretion is abused."

Sec 12258, GC, defines a final order as follows:
"An order affecting a substantial right in an action, when in effect it determines the action and prevents a judgment."

Our courts have held that a final order, as defined in this section, is comprehended within the term "judgment."
We are, therefore, of the opinion that this case should be and the same is hereby reversed and final judgment is rendered for plaintiff in error. Exceptions may be noted.

SHERICK, PJ, and MONTGOMERY, J, concur.